IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LUIS CARLOS RODRIGUEZ-VACA, | : | CRIMINAL NO. |
|  | : | 1:09-CR-0024-TCB-JSA |
| Movant, | : |  |
|  | : | CIVIL ACTION NO. |
| v. | : | 1:12-CV-1845-TCB-JSA |
|  | : |  |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
| Respondent. | : | 28 U.S.C. § 2255 |

## FINAL REPORT AND RECOMMENDATION

Movant, Luis Carlos Rodriguez-Vaca, has filed a motion to vacate sentence under 28 U.S.C. § 2255. [Doc. 58]. Presently before the undersigned for consideration are Movant's § 2255 motion to vacate [Doc. 58] and the United States of America's (hereinafter "Government's") response to the motion to vacate [Doc. 60].[1] For the reasons discussed below, the undersigned recommends that Movant's

---

[1] Prior to serving as a U.S. Magistrate Judge, the undersigned served as an Assistant U.S. Attorney ("USAO") in the same office that prosecuted Movant, from approximately 2004 through June 1, 2012. The undersigned served as deputy chief of the economic crime section of the USAO for some of that period. The undersigned recalls no personal or supervisory involvement over defendant's case.

Although no request for recusal has been made, the undersigned will briefly explain why he has not recused *sua sponte*. Title 18 U.S.C. § 455(b)(3) requires a judge who previously served in government to recuse only if the judge actually participated in the case. *Mangum v. Hargett*, 67 F.3d 80, 83 (5th Cir. 1995). In other words, "a judge is not subject to mandatory disqualification based on the mere fact

§ 2255 motion be denied.

I. <u>Background</u>

On January 21, 2009, a grand jury sitting in the Northern District of Georgia returned a two-count indictment against Movant charging him in Count One with conspiracy to commit money laundering, and in Count Two with conspiracy to distribute cocaine. [Doc. 1].

On November 19, 2009, Movant entered a negotiated plea of guilty to Count One of the indictment. [Docs. 26, 40]. Movant entered into a written plea agreement with the Government, in which Movant waived his right to appeal or collaterally attack his sentence in the plea agreement. [Doc. 26-1 at 10-11]. However, Movant

---

that another lawyer in his prior government office served as an attorney on the matter." *United States v. Champlin*, 388 F. Supp. 2d 1177, 1180 (D. Haw. 2005). Several courts have held that "an Assistant United States Attorney is only disqualified from cases on which he or she actually participated." *Id.* (citing *United States v. Ruzzano*, 247 F.3d 688, 695 (7th Cir. 2001) ("As applied to judges who were formerly AUSAs, § 455(b)(3) requires some level of actual participation in a case to trigger disqualification."); *Mangum*, 67 F.3d at 83 (same); *Kendrick v. Carlson*, 995 F.2d 1440, 1444 (8th Cir. 1993) (same). "[T]he same rule applies to former supervisors in the United States Attorney's office; § 455(b)(3) requires recusal only when the supervisor actually participated in a case." *Champlin*, 388 F. Supp. 2d at 1181; *United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999); *United States v. Di Pasquale*, 864 F.2d 271, 279 (3d Cir. 1988). As the undersigned was uninvolved in this case and otherwise perceives no ground for recusal, the Court does not *sua sponte* find that recusal is warranted.

2

reserved the right to appeal an upward departure or a variance from the otherwise applicable sentencing guideline range. [*Id.*]. Movant also reserved his right to appeal if the Government appealed the sentence. [*Id.*].

On December 16, 2010, the Court sentenced Movant to 108 months of imprisonment. [Doc. 45]. Movant filed a timely notice of appeal on December 29, 2010. [Doc. 48]. On July 5, 2011, the Eleventh Circuit dismissed Movant's appeal pursuant to the valid appeal waiver contained in his plea agreement. [Doc. 57]. Movant did not file a petition for a writ of certiorari.

On May 18, 2012, Movant filed the instant motion to vacate sentence under 28 U.S.C. § 2255. [Doc. 58]. In his motion, Movant raises the following three claims of ineffective assistance of counsel: (1) counsel was ineffective for failing to move for a downward departure at sentencing based on USSG § 5C1.2; (2) counsel was ineffective for failing to move for a downward departure at sentencing based on USSG § 3B1.2 and Amendment 640; and, (3) counsel failed to advise Movant that he could receive a four-level sentencing reduction under the "fast track" program pursuant to USSG § 5K3.1. [*Id.*].

3

II.     Standard of Review

Under § 2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426-27 (1962); *see generally United States v. Hayman*, 342 U.S. 205 (1952). "To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Movant must establish that the facts surrounding his claim present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Bowen v. Johnston*, 306 U.S. 19, 27 (1939).

This Court may deny § 2255 relief without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see Long v. United States*, 883 F.2d 966, 968 (11th Cir. 1989). Under § 2255, however, an evidentiary hearing is required when the Court cannot determine from the record that the prisoner is entitled to no relief.

4

*United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988). As discussed below, the motion and record of the case conclusively show that Movant is not entitled to relief or to an evidentiary hearing.

III. Discussion

The Government contends that the claims raised by Movant in his § 2255 motion should not be entertained by the Court because Movant, under the negotiated plea agreement, waived the right to collaterally attack his sentence. The waiver signed by Movant states:

> LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or a variance from the otherwise applicable sentencing guideline range. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

[Doc. 26-1 at 10-11].

A defendant who enters into a plea agreement may waive his right to appeal or collaterally challenge his sentence, and the waiver will be enforced if it is made knowingly and voluntarily. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th

5

Cir. 2001), *cert. denied*, 536 U.S. 961 (2002); *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). "One of the keys to enforcing a sentence appeal waiver is that the defendant knew he had a 'right to appeal his sentence and that he was giving up that right.'" *Bushert*, 997 F.2d at 1350 (quoting *United States v. Rutan*, 956 F.2d 827, 830 (8th Cir. 1992)). The Eleventh Circuit has held that an appeal waiver "will be enforced if the government demonstrates either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005). Furthermore, "[a] defendant may not attack the effectiveness of his sentencing counsel where there is a valid sentence appeal waiver in effect that prohibits a direct or collateral challenge on any ground." *United States v. Wilson*, 445 F. App'x 208, 208 (11th Cir. 2011) (citing *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005)).

In the case at bar, Movant acknowledged at the plea hearing that he had signed the plea agreement. [Doc. 40 at 2]. In addition, the Court specifically addressed the negotiated appeal waiver with Movant during the Rule 11 plea colloquy as follows:

> THE COURT: Take a look at page 10 of the plea agreement. And as you're turning to look at the plea agreement, let me ask you: Have you

6

read the plea agreement?

THE DEFENDANT: Yes, sir.

THE COURT: Have you gone over it with your lawyer, Mr. Citronberg?

THE DEFENDANT: Yes.

THE COURT: Do you feel like you understand it?

THE DEFENDANT: Yes, sir.

THE COURT: A very important provision of it is this limited waiver of appeal at the bottom of page 10. Ordinarily in a criminal case the defendant has the right to file an appeal following a conviction or a sentencing. In this case, you will be waiving your right to ever file appeal in any court. And you will likewise be waiving your right to ever attack the judgment by some type of lawsuit, such as a petition for a writ of habeas corpus or anything else, whether in this court or some other court.

Now there are two exceptions to this. If I were to sentence you higher than the high end of the guideline range, you could appeal. And if the Government appeals for any reason, you could appeal. But other than those two exceptions, today you would be forever waiving your right to appeal or your right to ever attack the sentence entered against you in this case.
Do you understand that fact?

THE DEFENDANT: Yes, sir.

[Doc. 40 at 6-7].

AO 72A
(Rev.8/82)

Here, it is clear from the record that Movant knowingly and voluntarily waived his right to appeal and collaterally challenge his sentence. Movant specifically acknowledged by signing the plea agreement and a separate certification that he understood that the appeal waiver in the plea agreement would prevent him, with the narrow exceptions stated, from appealing his conviction and sentence or challenging them in any post-conviction proceeding. [Doc. 26-1 at 13-14]. Further, the Court thoroughly explained to Movant during the plea colloquy that he was waiving his right to collaterally attack his sentence except for the two circumstances described in the waiver, and Movant indicated that he understood that he had waived his right. [Doc. 40 at 6-7]; *see United States v. Stevenson*, 131 F. App'x 248, 250 (11th Cir. May 12, 2005) (holding that, for a waiver to be valid, "during the plea colloquy, the district court must at least refer to the fact that the defendant is waiving his rights to appeal his sentence under most or certain circumstances"). In addition, the Court specifically found at the plea hearing that Movant's plea was entered voluntarily with full knowledge of his rights. [Doc. 40 at 11-12]. Thus, Movant's waiver is valid.

Moreover, the Eleventh Circuit, in its opinion dismissing Movant's appeal, specifically held that Movant knowingly and voluntarily waived his right to appeal his sentence. [Doc. 57 at 2-3]. Thus, the validity of the waiver has already been

8

upheld in Movant's case and cannot be challenged in this § 2255 motion. "The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). "Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." *Id.*

When a movant challenges the constitutionality of his conviction or sentence after having waived the right to do so in a plea agreement, "the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Finding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing" the Eleventh Circuit opined that to hold otherwise would "permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams*, 396 F.3d at 1342.

9

Here, Movant's ineffective assistance of counsel claims deal with sentencing issues, and not the negotiation of the plea or waiver. *Cf. Gomez-Estupinan v. United States*, No. 8:04CR84T24TGW, 2005 WL 2850070 (M.D. Fla. Oct. 28, 2005) (holding defendant's claim in motion to vacate raising ineffective assistance of counsel for failure to urge court to apply safety valve was waived by valid sentence appeal waiver). Thus, Movant's waiver of his rights to challenge his sentence is controlling with respect to the grounds for relief that he raises in his motion. Movant cannot circumvent the terms of his plea agreement merely because he does not like the outcome at sentencing.

## IV. Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See*

*Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Movant has failed to make a substantial showing of the denial of a constitutional right. Movant waived his right to collaterally attack his sentence. Accordingly, **IT IS RECOMMENDED** that a certificate of appealability be **DENIED**.

V. Conclusion

Based on the foregoing, **IT IS RECOMMENDED** that Movant Luis Carlos Rodriguez-Vaca's motion to vacate sentence [Doc. 58] be **DENIED**, and that he be **DENIED** a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral to the undersigned magistrate judge.

**IT IS SO RECOMMENDED** this 13th day of March, 2013.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)